**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JOHN LARRY ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-458 |
| | § | |
| BIG DUTCHMAN, INC., USA, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Defendant Big Dutchman's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. # 6).  After considering the filings of the parties and the applicable law, the court DENIES the Motion for the reasons expressed below.

**I.      Factual Background**

On October 19, 2007, Plaintiff John Larry Allen ("Allen") filed suit against Defendant Big Dutchman, Inc., USA ("Big Dutchman") alleging that the defendant terminated Allen's employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.  Allen is a resident of Nacogdoches, Texas.  Big Dutchman is a Michigan corporation with its principal place of business in Holland, Michigan.

**II.     Discussion**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D.

Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum.  *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "good cause" exists to transfer the case.  *See In re Volkswagen*, 2007 WL 3088142, *7 (5th Cir. 2007).  "[T]o show good cause means that a moving party must demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'"  *Id.* (citations omitted).

*A.      Convenience Factors*

### 1.  The plaintiff' choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  "Plaintiff's choice of forum is entitled to deference."  *In re Volkswagen*, 2007 WL 3088142, *7.  The plaintiff chose to bring this suit in the Eastern District of Texas, Marshall Division.  Therefore, this factor weighs against transfer.

### 2. The convenience of parties and material witnesses

The court will first assess the convenience of the parties.  The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  In this case, the plaintiff resides in the Eastern District of Texas.  The defendant is located in the Western District of Michigan.  The Western District of Michigan is no more convenient to the plaintiff than the Eastern District of Texas, but is more convenient to the defendant.  This portion of the analysis favors transfer.

The court now considers the convenience of the witnesses.  Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer.  *Mohamed,* 90 F. Supp. 2d at 774.  Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  The moving party must "specifically identify key witnesses and outline the substance of their testimony."  *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).  Defense party witnesses are likely to be located in or around the Western District of Michigan.  There are several

3

likely non-party witnesses for the defendant for whom the Western District of Michigan is more convenient.  Specifically, the defendant identifies at least three former Big Dutchman employees, and likely fact witnesses, that reside in the Western District of Michigan.  According to the defendant, these witness will be able to testify to defendant's hiring and firing practices, either generally or specifically as decisions relating to the plaintiff.

The plaintiff identifies a number of Allen's "former clients" that are located in or around the Eastern District of Texas.  According to the plaintiff, these corporate former-clients will be able to testify to the plaintiff's "competency and proficiency as a Sales Manager."  Plaintiff's Response at 6.  It is unclear at this time if the testimony of these witnesses would bear on any claim or defense in this action.  Therefore, the court finds that this factor slightly favors transfer.

### 3. The place of the alleged wrong

The plaintiff was employed by the defendant and "assigned to sell [Big Dutchman's] products in his designated territory of Texas, Louisiana, Missouri, and Arkansas, from his home in Texas." Defendant's Brief at 1.  The plaintiff worked for Big Dutchman from his home in Nacogdoches which is located in the Eastern District of Texas.  The court finds that this factor weighs against transfer.

### 4.  The cost of obtaining the attendance of witnesses and
### the availability of compulsory process

The defendant identified non-party witness that it intends to call at trail that live in the Western District of Michigan.  The plaintiff also identified non-party witnesses that it expects to call at trial.  However, the plaintiff did not outline their testimony, nor explain why those particular witnesses' testimony would be relevant to any claim or defense.  The court finds that this factor

4

slightly favors transfer.

### 5. The accessibility and location of sources of proof

The court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778. Much of the defendant's evidence is likely located in the Western District of Michigan.  The court finds that this factor slightly favors transfer.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence."  *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  The court is unaware of any possibility of delay or prejudice if the case is transferred.  This factor is neutral.

B.    *Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

The court is not aware of any administrative difficulties flowing from the Western District of Michigan, but not the Eastern District of Texas.  Therefore, this factor is neutral.

### 2.  The local interest in adjudicating local disputes

Allen was employed by Big Dutchman as a sales manager for an area that included the Eastern District of Texas.  The citizens of the Eastern District have an interest in adjudicating issues of age discrimination in employment with respect to a person who was employed in the Eastern District.   This factor weighs against transfer.

### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

Allen was employed in the Eastern District to further Big Dutchman's sales efforts in the Eastern District.  This factor weighs against transfer.

### 4. The avoidance of unnecessary problems in conflict of laws

The court finds that this factor is inapplicable in this transfer analysis.

**III.    Conclusion**

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Western District of Michigan is not warranted. Allen's employment, which gives rise to this cause of action, occurred within the Eastern District. The court finds that the competing factors do not justify disturbing the plaintiff's choice of forum. The court, therefore, DENIES Defendant's Motion for Change of Venue.

SIGNED this  4th  day of January, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

6